IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DARLENE HURT     PLAINTIFF

VS.     CAUSE NO.:1:19-CV-00031-DMB-RP

PRENTISS COUNTY MS, PRENTISS COUNTY MS
SHERIFF RANDY TOLAR, PRENTISS COUNTY MS
DEPUTY SHERIFF WESLEY GRAVES, FARMERS &
MERCHANTS BANK AND OTHER UNKNOWN AGENTS,
EMPLOYEES OF PRENTISS COUNTY, MS     DEFENDANTS

## AMENDED COMPLAINT

COMES NOW Plaintiff, Darlene Hurt, by and through her attorney of record and files this her Amended Complaint hereby asserting the following claims against the County of Prentiss, Mississippi, Prentiss County Sheriff Randy Tolar, Prentiss County Deputy Sheriff Wesley Graves, Farmers & Merchants Bank and other unknown agents and employees or Prentiss County, Mississippi and for cause of action would state as follows:

### 1. INTRODUCTION

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988 under the Mississippi governmental tort liability statutes; under Miss Code Ann §11-46-11, et seq., and under Mississippi common law for intentional and/or negligent infliction of emotional distress, seizure of property, conversion of property, negligence, negligent supervision, gross negligence and civil conspiracy.

While the individual defendants were acting in the scope of their employment and under color of state law, they acting in concert with each other seized the property of Plaintiff and such was unreasonable, unlawful, malicious, arbitrary and capricious seizure against Plaintiff. Defendants' actions caused injury to Plaintiff and the destruction and loss of her personal property to-wit:

*2004 Dodge pick up VIN# 3D7MA48C3462260561*

Action is also brought against Prentiss County, Mississippi for its failure to properly train and supervise the individual Defendants in the proper use and technique used to investigate and properly deal with persons property and its establishment of policies, procedures, practices and customs regarding seizure of property that result in the excessive use of force and denial of a persons property rights.

Action is also brought against Defendant, Farmers & Merchants Bank, as it held the lien on the vehicle in question.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343 and 1367. Jurisdiction of this Court for the pendent claims is authorized by Rule 18(a) and arises under the doctrine of pendent jurisdiction as set forth on United Mine Workers v Gibbs, 383 U.S. 715 (1966).

2. Venue is properly set in the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. §1391. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants resides in the Aberdeen Division of the Northern District of Mississippi.

4. Plaintiff resides in the Aberdeen Division of the Northern District of Mississippi.

5. The amount in controversy is in excess of $75,000.00.

### III. PARTIES

**A. Plaintiff**

6. Plaintiff, DARLENE HURT, is a citizen and resident of Prentiss County, Mississippi.

**B. Defendants**

7. Defendant, Prentiss County, Mississippi is a political subdivision of the State of Mississippi which along with the Defendant, Sheriff Randy Tolar were responsible for the training and supervision of all Defendants and establishing and implementing policies, practices, procedures and customs used by law enforcement officers employed by Prentiss County, Mississippi and Sheriff Randy Tolar regarding the seizure of the personal property of individuals.

8. Defendant, Wesley Graves, is a citizen and resident of Prentiss County, Mississippi, and was at all times material to the allegations in this Complaint, acting in his capacity as a deputy sheriff employed by Prentiss County, Mississippi and was acting under color of state law.

9. Defendant, Farmers & Merchants Bank, is a federally insured banking institution licensed to do business in the State of Mississippi. This Defendant is added to this litigation because it holds a lien on the said 2004 Dodge pick up truck.

10. Unknown Defendants were at all times material to the allegations in this Complaint acting in their capacity as law enforcement officers employed by Prentiss County, Mississippi and were acting under color of state law.

11. Defendant, Sheriff Randy Tolar, is a citizen and resident of Prentiss County, Mississippi and was at all times material to the allegations in this Complaint, duly elected and employed as the Sheriff of Prentiss County, Mississippi and is responsible for the supervision and training of Defendant Wesley Graves and unknown Defendants. Defendant Tolar, as Sheriff of Prentiss County, Mississippi, is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by Prentiss County, Mississippi regarding seizure of persons property. Further, the said Sheriff Randy Tolar was at all times material to the allegations in this Complaint and was acting under color of state law.

## IV. FACTS

12. On or about April 29, 2017, one Nathan Vuncannon, the Jumpertown, Mississippi Fire Chief, purchased a 2004 Dodge pick up truck, VIN# *3D7MA48C3462260561*, from one Isaac Hernandez. The title of the said pickup truck was transferred to the said Nathan Vuncannon on or about August 2, 2017. Plaintiff, Darlene Hurt, purchased the truck from Nathan Vuncannon for a sum of approximately $10,750.00. Said Plaintiff borrowed the money for the purchase price of the said pickup truck from Farmers & Merchants Bank and pledged the truck as collateral.

13. At some point after Nathan Vuncannon purchased the said pickup truck, Defendants initiated an investigation of Mr. Vuncannon involving embezzlement of money and property from the Jumpertown, MS Fire Department. Supposedly upon an admission by Nathan Vuncannon to Defendants that he used some of the embezzled money to purchase the said pickup truck, Defendants determined that the truck had been sold to Plaintiff. Thereafter, Defendants took possession of the said pickup truck and have retained and converted the said pickup truck to their use and enjoyment without any due process of law or compensation to Plaintiff.

14. That Plaintiff was the bona fide purchaser for true value of the said pickup truck and further knew nothing about the said pickup truck being purchased with money received through embezzlement.

15. At the time of the above-mentioned seizure and during the time of the subsequent retention of Plaintiff's pickup truck, none of the Defendants had in their possession any warrant issued by a judge, court or magistrate authorizing a seizure of Plaintiff's pickup truck nor did the Defendants follow any applicable state law in seizing and retaining said truck.

16. At no time during the above-mentioned period of seizure and retention of Plaintiff's pickup truck was Plaintiff charged with any crime and no charge has subsequently been made.

17. Defendants had no adequate training regarding the seizure and retention of Plaintiff's pickup truck.

18. The failure to promulgate and implement procedures, policies or customs caused the perpetuation of procedures, policies or customs leading directly to the seizure of Plaintiff's personal property and the subsequent retention of the pickup truck.

19. Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their capacity, to deprive Plaintiff of her rights to freedom from illegal seizure of her effects and personal property and her rights to freedom from unlawful seizure and conversion of her property. All of these rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§1983 and 1988.

20. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active and fully capable of engaging in normal day-to-day activities. Since the time of the unprovoked seizure and retention of her property, Plaintiff's ability to perform and enjoy her usual activities, including family and work-related activities, has been impaired. In addition, Plaintiff has suffered severe emotional distress and mental anguish affecting her psychological well-being.

21. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

22. As a further direct and proximate result of the intentional and/or negligent acts of Defendants, Defendants seized and retained Plaintiff's property, to wit, 2004 Dodge pickup truck, VIN *3D7MA48C3462260561*, causing her to lose the value and use of said property.

23. Plaintiff is entitled to compensation for the constitutional harms that all Defendants inflicted upon them, including mental anguish and loss of property.

24. Plaintiff is entitled to compensation pursuant to Miss. Code Ann. §29-20-101, et seq. and the Mississippi Governmental Tort Liability Act ("MGTLA") for harms inflicted upon her by the Defendants.

## V. CAUSES OF ACTION
### COUNT I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983 (General Allegations)

25. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

26. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, including, but not limited to: a) the right to be free from unreasonable seizures; b) the right not to be deprived of property without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; d) the right to just compensation for taking of property.

27. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, unreasonably, unlawful, malicious, arbitrary and capricious seizure of Plaintiff's property. Such actions set into motion the chain of events that led to an unauthorized and seizure by Defendants, in violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of the violation of Plaintiffs constitutional rights by Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

29. The conduct of Defendants was willful, malicious, oppressive, reckless and was of such a nature that punitive damages should be imposed in an amout commensurate with wrongful acts alleged herein.

**COUNT II**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

30. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

31. Defendant, Sheriff Randy Tolar, in his capacity as Sheriff of Prentiss County and Defendant Prentiss County, Mississippi implicitly or explicitly adopted and implemented careless and reckless policies, customs or practices that were malicious, arbitrary and capricious, that included, among other things, of allowing employees of the Prentiss County Sheriff's Department to seize and keep Plaintiff's property without lawful justification.

32. The failure of Sheriff Randy Tolar and Prentiss County, Mississippi to adequately train and supervise Defendants Wesley Graves and unknown defendants amounts to deliberate indifference to the rights of Plaintiff to be free from excessive and unreasonable seizures of her property under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

33. As a result of this deliberate indifference to Plaintiff's rights, she lost the value and use of her property and is entitled to relief under 42 U.S.C. §1983.

34. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable seizures; b) the right not to be deprived of property without due process of law; and c) the right to just compensation for taking of property.

### COUNT III
**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law)**

35. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

36. Defendants intentionally violated the civil rights of the Plaintiff by their malicious and wanton disregard for Plaintiff's property rights. The seizure and retention of Plaintiff's truck amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

37. The Defendants, either with the specific intent to violate the Plaintiff's civil rights or with a reckless disregard of the probability of causing that violation, seized and retained Plaintiff's truck without just provocation or reason. The seizure and retention of Plaintiff's truck caused severe emotional distress to the Plaintiff and Plaintiff are entitled to compensatory and punitive damages therefor.

### COUNT IV
### Mississippi Governmental Tort Liability Act
### Pursuant to Miss Code Ann §11-46-11 (Mississippi Common Law)
### (Negligence)

38. Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1-44 of this Complaint.

39. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

40. Defendants Sheriff Randy Tolar and Prentiss County, Mississippi negligently supervised Defendant Wesley Graves and unknown Defendants by failing to provide proper training and outline proper procedure in seizure of property.

41. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT V.
### Mississippi Common Law
### (Conversion)

42. Plaintiff re-alleges and incorporates herein by references the allegations set forth I paragraphs 1-44 of this Complaint.

43. Defendants acted intentionally or in reckless disregard of probable consequences in the exercise of the seizure of dominion or control over Plaintiff's personal property, to wit, 2004 Dodge pickup, VIN# *3D7MA48C3462260561*, as described.

44. The manner in which Defendants exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff's right as property owner to enjoy and/or control their personality.

45. As a direct and proximate result of one or more of Defendants' acts of conversion and the injuries resulting from those acts, Plaintiff lost the intrinsic value of her property and suffered economic and non-economic damages.

### PRAYERS FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff demands:

1. That process issue to Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of Plaintiff and against Defendants jointly and severally on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; loss of her personal property; 2004 Dodge pick up, VIN# *3D7MA48C3462260561* and medical and psychological expenses, both past and future.

4. That Plaintiff be awarded punitive damages against Defendants.

5. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

6. That Plaintiff receive any other further and general relief to which it may appear she is entitled.

7. A jury for the trial of this matter.

***This document is amended to add Farmers & Merchants Bank as a Defendant in this cause.**

                                                    Respectfully Submitted,
                                                    DARLENE HURT, PLAINTIFF

BY: _____
                                                  THOMAS H. COMER, JR., MSBN 6425,
                                                  ATTORNEY FOR PLAINTIFF

COMER LAW FIRM
101 WEST COLLEGE STREET
P.O. BOX 24
BOONEVILLE, MS 38829
662/728-8101
866/245/2479 (F)
thcomer@bellsouth.net